**UNITED STATES of America, Plaintiff,**

**v.**

**ONE PARCEL OF PROPERTY LOCATED AT 11 STEPHEN STREET, DERBY, CONNECTICUT, With all Appurtenances and Improvements Thereon, Defendant.**

**Claim of George PARKINGTON, Sheila Parkington and Great Country Bank.**

**Civ. No. N–90–272(WWE).**

United States District Court, D. Connecticut.

March 14, 1991.

---

Leslie C. Ohta, Asst. U.S. Atty., New Haven, Conn., for U.S.

Ian A. Cole, Derby, Conn., for Great Country Bank.

Dana Lonergan, Bridgeport, Conn., for George Parkington and Sheila Parkington.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

## BACKGROUND

Plaintiff, United States of America, commenced this action *in rem* against the defendant property at 11 Stephen Street, Derby, Connecticut. Plaintiff alleges that this parcel of property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) because claimants, George and Sheila Parkington, have used the premises to facilitate the commission of a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* Plaintiff has moved for summary judgment pursuant to Fed.R. Civ.P. 56, claiming that no genuine issue of material fact exists in this action.

## FACTS *

George and Sheila Parkington own and reside at 11 Stephen Street, Derby, Connecticut ("11 Stephen Street"). Between 1987 and 1990, concerned citizens and a confidential informant complained to the Valley Street Crime Unit ("VSCU") about the activities of George Parkington at 11 Stephen Street. The complaints included allegations of George Parkington's use of heroin, his dealing of marijuana and his use of firearms.

Beginning in April of 1990, the VSCU directed a confidential informant ("CI") to purchase marijuana from George Parkington at 11 Stephen Street. The CI made four such marijuana purchases. In each transaction the CI acted at the direction and under the observation of the VSCU. In each transaction George Parkington sold the CI marijuana, weighing out the purchases in the basement of 11 Stephen Street.

The officers of the VSCU in conjunction with the FBI and the ATF executed a search and seizure warrant on April 17, 1990. Pursuant to the warrant, the investigators seized fire arms, 4.2 ounces of marijuana and drug paraphernalia. During the course of the officers' search of the premises, two phone calls were made to 11 Stephen Street attempting to purchase marijuana. The officers arrested George and

---

* The following facts represent the plaintiffs' description of the manner in which George and Sheila Parkington used the property at 11 Stephen Street to facilitate the sale of marijuana. George and Sheila Parkington set forth no alternative version of the facts. Instead, the claimants deny having any knowledge or involvement with the alleged sales of marijuana.

Sheila Parkington for possession of marijuana with the intent to sell and the illegal possession of drug paraphernalia.

The government initiated the instant *in rem* proceeding against defendant 11 Stephen Street. After conducting a hearing, the court ruled that the government had established probable cause that the property was used to facilitate the sale of marijuana. Subsequent to the probable cause determination, the government moved for summary judgment. For the following reasons the government's motion for summary judgment will be Granted.

## DISCUSSION

### SUMMARY JUDGMENT

A court may grant summary judgment where there is no genuine issue of material fact, and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A party requesting summary judgment must demonstrate to the court that the controversy is devoid of material issues of fact such that summary judgment will not encroach upon the role of the jury. *Id.* When a moving party has properly supported its motion, the burden shifts to the nonmovant who must then rebut the motion with specific facts. *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). Moreover, a nonmovant cannot rest upon the "mere allegations or denials of his pleadings" to effect a successful rebuttal. Fed.R.Civ.P. 56(e).

### FORFEITURE OF REAL PROPERTY

■ Pursuant to 21 U.S.C. § 881(a)(7) the government may proceed *in rem* against real property used to facilitate a violation of the Controlled Substances Act. 21 U.S.C. §§ 801 *et seq.* In particular, the crime of possession of a controlled substance with the intent to distribute is with-

in the purview of § 881(a)(7). Section 881(a)(7) also incorporates 19 U.S.C. § 1615 which allocates each party's burden of proof.

■ Section 1615 rests the initial burden of proof with the government to establish probable cause. This requires the government to establish that its claim of forfeiture is based on "reasonable grounds, rising above the level of mere suspicion." *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1990). If the government demonstrates probable cause, then § 1615 shifts the burden of proof to the claimant who may raise the defense of innocent ownership. *Id.* A successful defense of innocent ownership requires the claimant to prove by a preponderance of the evidence either: (1) that the claimant did not use the property unlawfully or, (2) that the claimant neither knew of nor consented to any unlawful activity. 21 U.S.C. § 881(a)(7). In short, "the claimant bears the ultimate burden of proving that the factual predicates for forfeiture have not been met." *Banco,* 797 F.2d at 1160. Moreover, the government is entitled to summary judgment when it has established probable cause, unless the claimant adduces evidence supporting a valid defense of innocent ownership. *United States v. Property at 4492 S. Livonia Rd.,* 889 F.2d 1258, 1267 (2d Cir.1989).

The Government in the instant case has established probable cause for believing that 11 Stephen Street is subject to forfeiture under § 881(a)(7). Indeed, this court has already conducted a hearing and concluded that probable cause exists. Summary judgment in favor of the government is therefore appropriate unless George and Sheila Parkington, as claimants, raise a genuine issue of material fact concerning the defense of innocent ownership. *Livonia,* 889 F.2d at 1267.

George and Sheila Parkington have each offered statements rejecting the government's evidence against them; however, neither of these statements provides factual support for a defense of innocent ownership. Instead, George Parkington contends that the government's allegations are sim-

ply untrue and that an issue of credibility remains for the jury's consideration. Sheila Parkington also rejects the government's evidence, specifically asserting her incognizance as to any illegal activity on the premises.

Both of the claimants' contentions are unavailing. As the court in *Livonia* articulated, the claimants cannot merely deny the government's allegations to successfully defend against forfeiture. 889 F.2d at 1267. Rather, the claimants must challenge the government's case with specific facts. In the instant case it is particularly difficult to perceive a factual scenario that would rebut the plaintiff's case without the aid of the claimants. Because the statements of George and Sheila Parkington amount to nothing more than naked denials, they do not suffice to raise a genuine issue of material fact. Thus, summary judgment in favor of the government is warranted.

## CONCLUSION

For the reasons set forth above, Plaintiff United States of America's motion for summary judgment is GRANTED.

SO ORDERED.